UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
Criminal Case No. CR 07-49 JJF

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT |
| vs. ) | OF MOTION TO COMPEL |
| ) | DISCLOSURE OF INFORMANT |
| GILBERTO ZARCO, ) | |
| ) | |
| Defendant. ) | |

The defendant, Gilberto Zarco, through undersigned counsel, submits this Memorandum in support of his motion to compel disclosure of the informant(s) used by the DEA in connection with the incidents underlying the indictment. The disclosure of the informant is necessary to his anticipated defense of entrapment. The government used an informant to contact Mr. Zarco on numerous occasions, arranged the alleged transaction underlying the indictment, and attended and participated in the transaction.

The government is not generally required to disclose the identity of informants; however, that privilege is not absolute. Disclosure of the informant's identity is necessary for Mr. Zarco to receive a fair trial. "Where the disclosure of the informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of the cause, the privilege must give way." Roviaro v. United States, 353 U.S. 53, 60-61(1957); United States v. Brown, 3 F.3d 673 (3rd Cir. 1993). The Rovairo court further stated that if the informant is an

1



FILED
JUN 1 5 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

active participant in the conduct charged, the informant's identity is almost always material and thus the government must make every reasonable effort to have the informant made available to the defendant. <u>Roviaro v. United States</u>, 353 U.S. 53 (1957); <u>United States v. Jiles</u>, 658 F.2d 194, 197 (1981) citing <u>United States v. Silva</u>, 580 F.2d 144, 146-147 (1978).

Additionally, the informant's criminal record and motivation for informing are appropriate for disclosure to the defendant as evidence of an exculpatory nature. <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1195 (1963); <u>Giglio v. United States</u>, 405 U.S. 150, 92 S.Ct. 763 (1972).

The Eighth Circuit in <u>United States v. Barnes</u>, 486 F.2d 776 quoting from <u>Velarde-Villerreal v. United States</u>, 354 F.2d 9, 13 (9th Cir. 1964) with regard to the government's use of informers is stated as follows:

> The government must know that an eager informer is exposed to temptations to produce as many accuseds as possible at the risk of trapping not merely an unwary criminal but sometimes an unwary innocent as well. One could hardly expect such informants always to stay on the proper side of the line which separates those two cases. And since the government chooses to utilize such agents, with the attendant risk of entrapment, it is fair to require the government which uses this inherently dangerous procedure to take appropriate precautions to ensure that no innocent man should be punished.

The Defendant is entitled to disclosure of an informant if he can show that the disclosure is "relevant and helpful to the defense or essential to a fair trial." <u>United States</u>

v. Johnson 302 F.3rd 149 (3rd Cir. 2002) citing <u>Roviaro v. United States</u>, 353 U.S. 53 (1957).

In the instant case, one informant was intimately involved in the alleged transaction leading to Mr. Zarco's arrest by contacting Mr. Zarco on numerous occasions to arrange the transaction. Furthermore, the informant participated in said alleged transaction which is the basis for the indictment. This individual repeatedly contacted Mr. Zarco and exerted pressure on Mr. Zarco to induce him to engage in activity that he was not predisposed to commit. Mr. Zarco is entitled to present evidence of entrapment in order to seek a jury instruction or court finding of entrapment as a matter of law. The disclosure of information about the informant who participated in setting up the alleged transactions with Mr. Zarco is therefore necessary for his defense. This disclosure will enable Mr. Zarco to verify that this person was involved in the transaction, to demonstrate that he had motives to induce Mr. Zarco to participate in the transaction underlying the Indictment, and to uncover evidence that said informant did induce Mr. Zarco. If other informants unknown to Mr. Zarco exist who assisted the government, their identities are also necessary to determine whether the government induced the transaction.

For these reasons, disclosure of the governments' informants is therefore necessary in order for Mr. Zarco to receive a fair trial and Mr. Zarco requests the name, address, date of birth, phone number and other identification and contact information pertaining to said informant. In addition to or in the alternative to contact information,

Mr. Zarco requests that the informant be made available for an interview. He further requests all documentation, files and other information relating to the informant, including but not limited to: information describing the informant's motives for working with the government, his prior convictions, arrests, and other evidence of misconduct, all payment, favors or any other incentives to work the government, all available information about the informant's prior and subsequent work with any government agents at any level, and the results of any operations in which he participated, including law enforcement reports and descriptions of any resulting court cases. Mr. Zarco also requests all records, files, and other documentation of any kind, including electronic files, referring to or describing all contacts between the informant and Mr. Zarco, including but not limited to logs, notes, recordings, reports, and phone records.

Dated: June 15, 2007

Respectfully Submitted,
Carlos Zaldivar, LLC

By: Carlos Zaldivar
Attorney for Defendant
888B Haddon Avenue
Collingswood, NJ 08108
(856) 869-8820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via U.S. mail on June 15, 2007 to Beth Moskow-Schnoll, Assistant United States Attorney, Nemours Building, #700, P.O. Box 2046, Wilmington, Delaware 19899-2046.

By: _____
Carlos Zaldivar, Esquire